UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BRIAN CAMARATA,
Personal Representative of the Estate
of MITCHELL CAMARATA, deceased,

       Plaintiff,

vs.   Case No. 04-CV-71735
    HON. GEORGE CARAM STEEH

SUNRISE SENIOR LIVING, INC.,

       Defendant/Third-Party
       Plaintiff,

vs.

ECOLAB, INC.,

       Third-Party Defendant,

_____/

## ORDER DENYING PLAINTIFF'S MOTION (#24) FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Plaintiff Estate of Mitchell Camarata moves for leave to file a First Amended Complaint to add third-party defendant Ecolab, Inc. as a primary defendant. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiff's May 7, 2004 Complaint alleges Estate's decedent Mitchell Camarata resided at defendant Sunrise Senior Living, Inc.'s ("Sunrise") assisted living facility on April 9, 2004, walked into the kitchen area, opened an unlocked cabinet, and found a container of orange-colored fluid, which he drank. Plaintiff alleges that the fluid was industrial-

strength dishwashing fluid, and that Mitchell Camarata died on April 13, 2004 as a result of drinking the fluid. Plaintiff alleges defendant Sunrise is liable in negligence for Mitchell Camarata's wrongful death. Pursuant to a stipulation, defendant Sunrise filed a third-party complaint against third-party defendant Ecolab, Inc. on August 23, 2004 seeking contractual indemnification and contribution from Ecolab to the extent Ecolab employee Brian Kock failed to lock the door after checking a dishwater feedline on April 9, 2004, the same day plaintiff's decedent allegedly drank the fluid. The court's July 19, 2004 Scheduling Order, setting discovery cut-off at December 20, 2004, requiring the Final Pre-Trial Order ("FPTO") to be filed by May 2, 2005, scheduling the Final Pre-Trial Conference ("FPTC") for May 9, 2005, and scheduling trial for May 17, 2005, remained in effect. Plaintiff filed the instant motion for leave to add Ecolab, Inc. as a defendant on April 7, 2005.

As succinctly stated by the Sixth Circuit:

> Under Fed.R.Civ.P. 15(a), leave to amend a pleading shall be freely given "when justice so requires." Several factors should be considered in determining whether to grant a motion to amend.
>
>> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.
>
> Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir.1989) (quoting Hageman v. Signal L.P. Gas, Inc., 486 F.2d 479, 484 (6th Cir.1973)). See also Coe v. Bell, 161 F.3d 320, 341-42 (6th Cir.1998), cert. denied, 528 U.S. 842, 120 S.Ct. 110, 145 L.Ed.2d 93 (1999). When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier. See Duggins v. Steak 'N Shake, Inc., 195 F.3d

828, 834 (6th Cir .1999).

Wade v. Knoxville Utilities Bd., 259 F.3d 452, 458-59 (6th Cir. 2001).

Sunrise's August 23, 2004 third-party complaint, filed pursuant to a stipulation of the parties, put plaintiff Estate on notice that Sunrise was alleging that Ecolab, Inc., vis-a-vis its employee Brian Kock, was the negligent party responsible for Mitchell Camarata's death. Plaintiff Estate did not file a motion for leave to add third-party defendant Ecolab, Inc. as a defendant until after the time for discovery expired, approximately a month before the May 2, 2005 FPTO is due and the court conducts the FPTC.  Plaintiff has failed to meet its burden of justifying its failure to earlier seek leave to add Ecolab, Inc. as a party defendant. Wade, 259 F.3d at 458-59.

Indeed, even a timelier motion to add Ecolab, Inc. as a defendant would have been denied, as granting the motion would have destroyed this court's federal jurisdiction premised on solely on diversity.  See Aetna Casualty & Surety Co. v. Dow Chemical Co., 44 F.Supp.2d 870, 879 n. 12 (E.D. Mich. 1999) (citing Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365 (1978) for the proposition that "in diversity case, plaintiff may not assert claims against nondiverse third party defendants where there is no independent basis for jurisdiction").  Ecolab, Inc. alleges in its third-party complaint that its principal place of business is in Bingham Farms, Michigan. August 20, 2004 Third-Party Complaint, ¶ 2, at 2.  See 28 U.S.C. § 1332(c)(1) (corporation is deemed to be a citizen of the State where it has its principal place of business).  Plaintiff Estate alleges in its May 7, 2004 complaint that Estate is a resident of Michigan, consistent with the allegation that plaintiff's decedent was a citizen of Michigan at the time of his death. May 7, 2004 Complaint, ¶ 1-2, 4, at 1-2.  See 28 U.S.C. § 1332(c)(2) (legal representative of a decedent's estate is

deemed to be a citizen only of the same State as the decedent).  Michigan plaintiff Estate cannot assert claims against nondiverse Michigan third-party defendant Ecolab, Inc. without destroying the court's subject matter jurisdiction.  Aetna Casualty, 44 F.Supp.2d at 879 n. 12.  The court notes that it may exercise supplemental jurisdiction over Sunrise's third-party claim against Ecolab, Inc. without destroying federal jurisdiction, consistent with the uncontested allegations that Sunrise is a citizen of Virginia.[1]  Id. at 879.

For the reasons set forth above, plaintiff Estate's motion for leave to file a First Amended Complaint to add third-party defendant Ecolab, Inc. as a primary defendant is hereby DENIED.  Defendant Sunrise is directed to affirmatively confirm at the FPTC that Virginia is its state of incorporation and principal place of business.  See footnote 1.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2005

CERTIFICATE OF SERVICE

---

[1] Plaintiff Estate alleges that defendant Sunrise a/k/a "AL III Investments, LLC maintains its principle place of business, is established and is a citizen of McLean, Virginia." Complaint, ¶ 2, at 1.  For purposes of federal diversity jurisdiction, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The court reads plaintiff's complaint to allege that defendant Sunrise is a limited liability corporation incorporated under the laws of Virginia, and that Sunrise's principal place of business is Virginia.

4

Copies of this Order were served on the attorneys of record on April 28, 2005 by electronic and/or ordinary mail.

                                                        s/Josephine Chaffee
                                                        Secretary/Deputy Clerk