UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BRIAN CAMARATA,
Personal Representative of the Estate
of MITCHELL CAMARATA, deceased,

    Plaintiff,

vs.                                      Case No. 04-CV-71735
                                           HON. GEORGE CARAM STEEH

AL III INVESTMENTS, INC., d/b/a
SUNRISE ASSISTED LIVING AT
ANN ARBOR NORTH,

    Defendant/
    Third-Party Plaintiff,

vs.

ECOLAB, INC.,

    Defendant/
    Third-Party Defendant,

_____/

<u>ORDER OVERRULING DEFENDANT/THIRD-PARTY PLAINTIFF SUNRISE'S
OBJECTIONS (#36) TO MAGISTRATE JUDGE'S JUNE 9, 2005 ORDER (#35)
GRANTING THIRD-PARTY DEFENDANT ECOLAB'S SECOND MOTION
TO COMPEL DISCOVERY</u>

       Defendant/Third-Party Plaintiff Al III Investments, Inc., d/b/a Sunrise Assisted Living at Ann Arbor North ("Sunrise") objects to Magistrate Judge Virginia Morgan's June 9, 2005 Order granting defendant/third-party defendant Ecolab, Inc.'s motion to compel the deposition of Lu Zikis.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the objections be resolved without oral argument.

       Plaintiff Estate alleges Estate's decedent Mitchell Camarata resided at defendant Sunrise on April 9, 2004, walked into a kitchen area, opened an unlocked cabinet, and drank from a container of orange-colored industrial-strength dishwashing fluid he found in

the cabinet. Mitchell Camarata died on April 13, 2004 as an alleged result of drinking the fluid. Plaintiff alleges Sunrise is liable under Michigan law for Mitchell Camarata's wrongful death. Sunrise in turn alleges Ecolab is liable to Sunrise for contractual indemnification and contribution in that Ecolab employee Brian Kock allegedly failed to lock the cabinet door after checking a dishwater feedline at Sunrise on April 9, 2004. Plaintiff Estate has since filed a direct wrongful death claim against Ecolab.

On April 28, 2005, Ecolab filed a motion to compel the deposition testimony of one Lu Zikis. Ecolab argued that Sunrise Maintenance Coordinator Orlie Sims testified at his own deposition that he disposed of the kitchen cabinet locks and the container from which decedent Camarata drank, as well as the container's contents. Ecolab also proffered Sims testimony that he disposed of the container and its contents only after being told to do so by "a risk management person from Sunrise," whom Ecolab asserts it has since identified as Proclaim America Claims Manager Lu Zikis. Ecolab argued that it was entitled to depose Zikis on a spoilage of evidence issue raised by Sims' testimony, and that factual information known by Zikis was not protected by the work-product privilege or any other privilege. Following a June 8, 2005 hearing, Magistrate Judge Virginia Morgan issued a June 9, 2005 Order granting Ecolab's motion to compel Zikis' deposition:

> All facts and discussions may be inquired into but not the opinion of Ms. Zikis with respect to the credibility of witnesses nor opinion regarding fault nor recommendations.

June 9, 2005 Order, at 2.

Defendant Sunrise objects to the June 9, 2005 Order arguing Zikis is a field investigator for Proclaim America who first became involved after the April 9, 2004 incident. Sunrise objects that any information gained by Zikis is privileged from disclosure as "peer

2

review" information under M.C.L. § 333.20175(5)[1] and M.C.L. 333.21515, citing Gallagher v. Detroit-Macomb Hosp. Ass'n, 171 Mich. App. 761, 431 N.W.2d 90 (1988). Sunrise further argues that the information obtained by Zikis is privileged from disclosure under the work-product doctrine in that Zikis' reports and findings were forwarded to defense counsel in anticipation of litigation. Ecolab filed a response to Sunrise's objection on June 29, 2005, to which plaintiff Estate filed a concurrence on July 12, 2005.

I.

This court may modify or set aside a magistrate judge's discovery order only on a finding that it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D. Mich. Local R. 72.1(d). A magistrate judge's ruling on a discovery motion is "clearly erroneous" if the reviewing court is left with a definite and firm conviction that a mistake has been made. See Farley v. Farley, 952 F. Supp. 2d 1232, 1235 (M.D. Tenn. 1997). Parties may obtain discovery of any matter, not privileged, that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). In federal civil diversity actions alleging state law claims, privileges are determined in accordance with state law. See Fed. R. Ev. 501; Peterson v. Chesapeake & Ohio RR Co., 112 F.R.D. 360, 362 (W.D. Mich. 1986) (citing Somer v. Johnson, 704 F.2d 1473 (11th Cir.1983) and 4 Moore's Federal Practice, § 26.60[7] and n. 20).

Information collected for the purpose of retroactive peer review in a health facility pursuant to the requirements of Michigan's Public Health Code is privileged from disclosure by operation of M.C.L. § 333.20175(8) and M.C.L. 333.21515. Dorris v. Detroit Osteopathic Hospital Corp., 460 Mich. 26, 40-41, 594 N.W.2d 455 (1999) (citing Gallagher, 171 Mich. App. at 768). The purpose of peer review committees is to reduce morbidity and mortality

---

[1] M.C.L. § 333.20175(5), as relied upon by Sunrise, was re-designated to M.C.L. § 333.20175(8) by 1993 P.A. 79.

3

and to ensure quality care. Dorris, 460 Mich. at 41 (citing M.C.L. § 333.21523). In determining whether information is privileged from disclosure by operation of the "peer review" privilege, a court should examine the evidence proffered by the party asserting the privilege in determining whether the information was in fact collected for the purpose of retroactive review by a peer group or committee. Id. at 42-43 (noting that the court may wish to examine the health facility's by-laws, internal regulations, and the committee's function, as well as affidavits establishing the "peer review" nature of the information).

Michigan's work-product privilege is summarized in Michigan Court Rule 2.302(3)(B)(a):

> (3) Trial Preparation; Materials.
>
> (a) Subject to the provisions of subrule (B)(4), a party may obtain discovery of documents and tangible things otherwise discoverable under subrule (B)(1) and prepared in anticipation of litigation or for trial by or for another party or another party's representative (including an attorney, consultant, surety, indemnitor, insurer, or agent) only on a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

"Factual work product receives less protection than work product that reveals the opinions, judgments, and thought processes of counsel." Leibel v. General Motors Corp., 250 Mich. App. 229, 245, 646 N.W.2d 179 (2002) (citing Messenger v. Ingham Co. Prosecutor, 232 Mich.App. 633, 639, 591 N.W.2d 393 (1998) and M.C.R. 2.302(B)(3)(a)). The scope of discovery is ultimately within the trial court's discretion. Coleman v. American Red Cross, 23 F.3d 1091, 1096 (6th Cir. 1994) (quoting United States v. Guy, 978 F.2d 934, 938-939 (6th Cir.1992)).

## II.

Magistrate Judge Morgan's June 9, 2005 Order is neither contrary to law nor clearly

4

erroneous. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D. Mich. Local R. 72.1(d). The "peer review" privilege of M.C.L. § 333.20175(8) and M.C.L. 333.21515 applies only on a showing that the information sought – here being Zikis' knowledge of whether Sunrise Maintenance Coordinator Orlie Sims was directed to dispose of the dishwashing fluid and its container – was collected by Zikis for the purpose of retroactive "peer review" as required by the Michigan's Public Health Code. Dorris, 460 Mich. at 40-41. Sunrise does not articulate what evidence it proffered to Magistrate Judge Morgan to support its argument that any and all deposition testimony from Zikis involves information she gathered for "peer review" purposes. Neither has Sunrise proffered such evidence to this court to support of its objection.

Magistrate Morgan was also authorized by M.C.R. 2.302(3)(B)(a) to order the deposing of Zikis on a finding that Ecolab has a substantial need for Zikis' information regarding the disposal of the subject container and its contents, while at the same time protecting Sunrise against the disclosure of Zikis' mental impressions, conclusions, opinions, or legal theories concerning this litigation. Leibel, 250 Mich. App. at 245. Magistrate Morgan did so by ordering:

> All facts and discussions may be inquired into but not the opinion of Ms. Zikis with respect to the credibility of witnesses nor opinion regarding fault nor recommendations.

June 9, 2005 Order, at 2.

Sunrise's mere invocation of Michigan's "peer review" and work-product privileges is insufficient to support a finding that the June 9, 2005 Order is clearly erroneous or contrary to law. The court is not left with a definite and firm conviction that a mistake was made in granting Ecolab's motion to compel the deposition of Lu Zikis subject to express limitations. Farley, 952 F. Supp. 2d at 1235. Accordingly,

Sunrise's objections to Magistrate Judge Virginia Morgan's June 9, 2005 Order are

5

hereby OVERRULED.

    SO ORDERED.

                        s/George Caram Steeh  
                        GEORGE CARAM STEEH  
                        UNITED STATES DISTRICT JUDGE

Dated: July 20, 2005

                    CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 20, 2005, by electronic and/or ordinary mail.

                        s/Josephine Chaffee  
                        Secretary/Deputy Clerk